IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KRISTY HUGHES, | ) | 7:06CV5019 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

Upon review of this social security appeal, I directed the parties to brief the question whether the Administrative Law Judge ("ALJ") should have found that the plaintiff met the requirements of 20 C.F.R. Pt. 404, Subpt. P, App.1 § 12.05(C) and was disabled due to mental retardation. (Filing 18.) Section 12.05(C) provides that mental retardation is sufficiently severe to constitute a listed disability when the claimant has "deficits in adaptive functioning initially manifested . . . before age 22," and meets two conditions: (1) "[a] valid verbal, performance or full scale IQ of 60 through 70," and (2) "a physical or other mental impairment imposing an additional and significant work-related limitation of function." 20 C.F.R. Pt. 404, Subpt. P, App.1 § 12.05(C); see also Maresh v. Barnhart, 438 F.3d 897, 899 (8th Cir. 2006). Specifically, I directed the parties to brief the question whether the plaintiff meets Listing 12.05(C), and specified that the briefs should address Maresh, 438 F.3d 897 (claimant with verbal IQ of 70 and "severe" personality disorder that resulted in "moderate" limitations met Listing 12.05(C)) and Banks v. Massanari, 258 F.3d 820, 825 (8th Cir. 2001) ("finding of severe impairment at step two . . . based on impairments other than mental retardation" meets the second prong of § 12.05(C)).

In response to my order, the Commissioner filed a motion for a sentence four remand for further administrative review (filing 19) and a brief in support of that motion (filing 20). The Commissioner's brief recites that "[u]pon review of § 12.05(C), and the cases cited by the Court, agency counsel requested the Appeals Council of the Social Security Administration to reconsider the Commissioner's decision. Upon review, the Appeals Council determined that remand was appropriate for further consideration of Plaintiff's claim." (Filing 20 at 1.) The Commissioner's brief represents as follows:

> Upon receipt of the Court's remand order, the Appeals Council will remand this case to the Administrative Law Judge (ALJ) who will be directed to obtain school records in order to document any earlier IQ scores as well as attendance in special education. Any other available evidence will also be requested to document possible deficits in adaptive functioning before age 22. The ALJ will also provide a proper discussion of Plaintiff's impairment as it relates to §12.05(C), and obtain medical expert support. If necessary, vocational expert evidence will also be obtained.

(Filing 20 at 2.) Plaintiff filed a brief which agrees that the Commissioner's motion for reversal and remand should be granted, but requests that the remand be for award of benefits rather than reconsideration. (Filing 21 at 1.)

Because the court construes the Commissioner's motion as a concession of error at the administrative level which brings into question the decision below, and because the government specifically concedes that this matter should be remanded pursuant to sentence four of 42 U.S.C. § 405(g), I shall reverse and remand this matter to the Commissioner for further consideration of whether Plaintiff meets the requirements of Listing 12.05(C). See Finch v. Apfel, 993 F. Supp. 712 (E.D. Mo. 1998) (sentence-four remand appropriate when Commissioner's request for remand was based on ALJ's failure to properly treat the evidence before him).

Accordingly,

IT IS ORDERED that:

1. Defendant's motion to remand (filing 19) is granted;

2. This matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration of whether Plaintiff meets the requirements of Listing 12.05(C), in accordance with this order and the representations in the Commissioner's brief quoted in this order.

3. Judgment shall be entered by separate document.

May 30, 2007.                               BY THE COURT:

                                                                       *s/Richard G. Kopf*
                                                                       United States District Judge